BEFORE THE THIRD DIVISION, NOVEMBER 2, 1939

**No. 39750.**—Protests 669005–G, etc., of Dolliff & McGrath et al. (Boston and New York).

EVANS, Judge: This is an action against the United States in which the plaintiffs seek to recover money claimed to have been illegally assessed and paid as customs duties upon importations of Egyptian raw cotton.   A number of cases were consolidated for trial, a portion of them arising at the port of Boston and the remainder arising at the port of New York.

The collector of customs at each port of entry assessed duty on the cotton at the rate of 7 cents per pound under the provisions of paragraph 783 of the Tariff Act of 1930. The plaintiffs contend that this cotton, having a staple of less than one and one-eighth inches in length, is properly free of duty under the provisions of paragraph 1662 of the same law.

Paragraph 783, *supra*, is in the following language:

PAR. 783. Cotton having a staple of one and one-eighth inches or more in length, 7 cents per pound.

All other cotton is exempted from duty under paragraph 1662 as "Cotton, not specially provided for."

At the trial testimony was introduced by the respective plaintiffs in an attempt to show that certain bales have a staple length of less than one and one-eighth inches, and also the weight of such bales. There was also incorporated the record in the case of *Firestone Cotton Mills et al.* v. *United States*, Abstract 38403. Plaintiffs introduced as Collective Exhibits 4A and 4B a schedule of the protest numbers, entry numbers, bale marks and bale numbers, of the New York entries found by the committee agreed upon, to represent a list of the bales of cotton having a staple length of less than one and one-eighth inches. This schedule is attached hereto and made a part of this decision as schedules A and B.

It was further agreed that the attorneys would file a schedule taken from Collective Exhibit 1, showing the gross weights of the bales of cotton on the New York entries as to which plaintiffs produced testimony to the effect that the cotton therein contained consisted of cotton having a staple of less than one and one-eighth inches. This schedule was thereafter filed as schedule C herein, it being agreed that the gross weight as it appears thereon includes a tare of 22 pounds per bale which should be deducted to obtain the net weight.

It is further conceded by Government counsel that it is the practice in the trade, where the actual weight of a bale of cotton is not available, to use as representative of such actual weight the average weight of the total number of bales, divided by the number of bales in the shipment, and that such average weight may be considered the actual weight of the bales in the cases at bar. This is in line with the testimony of Mr. Tyler, in charge of Government weighing at the port of Boston, who also stated that the weighers' returns show the gross, tare, and net weights, and that by taking the net weight, according to the weighers' certificates attached to the Boston protests, and dividing it by the number of bales in the lot the result would be the average net weight per bale of the lot.

In view of the testimony produced and the concessions of the Government attorney, and under authority of the decision in the incorporated case, we find that the plaintiffs' claim for free entry under paragraph 1662, *supra*, should be and the same is hereby sustained as to the cotton covered by the protest numbers, entry numbers, bale marks and bale numbers set forth in said schedules A and B. The New York entries should be reliquidated upon the basis of the weights as set forth in schedule C, herewith, less a tare of 22 pounds per bale. The Boston entries should be reliquidated upon the basis of the average net weight of the bales in those shipments, determined by dividing the number of bales into the landed net weight, as evidenced by the Government's official weight returns.

It is noted that as to protest 706165–G, there was incorporated the record in the case of *Firestone Cotton Mills et al.* v. *United States*, Abstract 38403, insofar as it covered bales 1–50 inclusive. By reference to the schedule submitted in the incorporated case we find that it was agreed that the following bales on entry 3988, bale marks 146/ AB ADDA/ OLIVER/GMF, were found to contain cotton measuring less than 1⅛" in length: Nos. 1, 3, 4, 5, 7, 8, 10, 11, 13, 14, 15, 17, 19,

20, 21, 24, 25, 27, 29, 31, 34, 37, 39, 41, 43, 45, 47, 48, and 50. As to those entries reliquidation should be made upon the same basis as the other Boston entries herein involved.

Judgment will be rendered accordingly. It is so ordered.